J-S44039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD LEE SUBER | |
| Appellant | No. 372 WDA 2014 |

Appeal from the PCRA Order February 6, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0017836-2001

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                     **FILED DECEMBER 16, 2014**

Ronald Lee Suber appeals, *pro se*, from the order entered on February 6, 2014, dismissing his third petition for relief pursuant to the Post Conviction Relief Act ("PCRA")[1] submitted as a petition for writ of *habeas corpus ad subjiciendum*.  Following Pa.R.Crim.P. 907 notice and response, the PCRA court dismissed the petition as untimely.  After a thorough review of the submissions by the parties, official record, and relevant law, we affirm.

The lengthy procedural history of this case is as follows.  On July 6, 2004, Suber pled guilty to rape, involuntary deviate sexual intercourse

---

[1] 42 Pa.C.S. §§ 9541-9546.

("IDSI"), indecent assault, indecent exposure, and corruption of minors.[2] On September 21, 2004, the trial court sentenced Suber to an aggregate term of 10-20 years' incarceration. After receiving *nunc pro tunc* relief, this Court affirmed the judgment of sentence on May 15, 2006, and the Pennsylvania Supreme Court denied allowance of appeal on October 24, 2006. *See Commonwealth v. Suber*, 903 A.2d 53 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 909 A.2d 1290 (Pa. 2006). The judgment of sentence became final 90 days later, on January 22, 2007, when the deadline to file an appeal to the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 13.[3]

On December 7, 2006, Suber timely filed, *pro se*, his first PCRA petition.[4] On May 18, 2007, after providing Pa.R.Crim.P. 907 notice, the PCRA court dismissed the petition without a hearing. A panel of this Court affirmed the PCRA court's decision on December 15, 2008, and the Pennsylvania Supreme Court denied allowance of appeal on May 28, 2009. *See Commonwealth v. Suber*, 965 A.2d 304 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 972 A.2d 522 (Pa. 2009).

_____

[2] 18 Pa.C.S. §§ 3121, 3123, 3127, and 6301, respectively.

[3] *See also Commonwealth v. Frey*, 41 A.3d 605, 610 (Pa. Super. 2012).

[4] Counsel was appointed, filed a motion for leave to withdraw as counsel, and included therein a no-merit letter, pursuant to *Turner/Finley*. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 14, 2011, Suber filed, *pro se*, a petition for writ of *habeas corpus ad subjiciendum*, averring that the PCRA statute does not provide relief for challenging the denial of due process. PCRA counsel was appointed to represent him, who then filed a motion to withdraw and **Turner**/**Finley** no-merit letter. On July 26, 2012, the PCRA court notified Suber of its intention to treat the filing as a PCRA petition, and to dismiss the petition without a hearing. The court also granted counsel's motion to withdraw. Suber did not file a response, and on August 22, 2012, the court entered an order dismissing his petition. Suber appealed, and a panel of this Court affirmed, concluding the PCRA court properly determined Suber's motion for writ of *habeas corpus ad subjiciendum* to be a PCRA petition, and dismissed it as untimely filed. **See Commonwealth v. Suber**, 82 A.3d 1086 (Pa. Super. 2013) (unpublished memorandum).

Suber did not file a petition for allowance of appeal with the Supreme Court. Instead, on December 16, 2013, he filed a second *pro se* petition for writ of *habeas corpus ad subjiciendum*, which is currently under review. In his petition, Suber claimed that he was eligible for relief because, *inter alia*, "the Department of Corrections lacks statutory authority to detain [Suber] absent a signed sentencing order evidencing statutory authorization for the sentence imposed[.]" Petition for Writ of Habeas Corpus Ad Subjiciendum, 12/16/2013, at 3. On January 16, 2014, the PCRA court again filed a Rule 907 notice, indicating its intent to treat the filing as a PCRA petition, and to

dismiss the petition without a hearing because it was not timely filed. Moreover, the court stated, "[I]t appears that [Suber] is not entitled to any of the enumerated exceptions and this court is without jurisdiction to consider [his] claims." Order of Court, 1/16/2014.[5] Suber filed a response, and on February 6, 2014, the PCRA court dismissed this, his third, petition in a final order and opinion. Thereafter, this *pro se* appeal followed.[6]

In his sole issue, Suber claims the PCRA court abused its discretion by dismissing his petition. Specifically, he states the PCRA does not provide a remedy for the relief he seeks and therefore, his argument, that he was unlawfully restrained due to a lack of statutory authorization in the sentencing order, falls outside the PCRA. Suber's Brief at 7. Likewise, he "argues that the PCRA simply does not provide relief for challenging the legality of his detention for criminal acts that does [sic] not exist. Because he[ ]has no true remedy available to him under the PCRA, [Suber] asserts that his sole procedural recourse was to seek habeas corpus relief." *Id.* at 8. Furthermore, Suber states his judgment of sentence is a nullity and

---

[5] Additionally, the court concluded that Suber had erroneously filed the petition for writ of *habeas corpus ad subjiciendum* as a civil action, and entered an order, directing the case be transferred to the criminal division. Order of Court, 1/17/2014.

[6] On March 12, 2014, the PCRA court ordered Suber to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Suber filed a concise statement on March 31, 2014. One day later, the PCRA court issued a statement in lieu of a Pa.R.A.P. 1925(a) opinion, adopting its February 6, 2014, final order and opinion.

therefore, will never become "final" for purposes of the PCRA. *Id.* at 11. Consequently, he contends his petition is timely because he did not have to plead and prove the timeliness exceptions. *Id.* We disagree.

The PCRA provides "the **sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies of the same purpose that exist when [the Act] takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542 (emphasis supplied).[7] The Pennsylvania Supreme Court has made clear that "the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA[.]" ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).[8]

Although the writ of *habeas corpus* continues to exist, it provides "an independent basis for relief **only** in cases in which there is no remedy under the PCRA." ***Fahy***, ***supra***, 737 A.2d at 224 (emphasis supplied). Moreover, the writ of *habeas corpus* is not available as an alternative basis for relief when, under the framework of the PCRA, a petition would be considered previously litigated, waived or untimely. ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001), *citing* ***Fahy***, 727 A.2d at 223–224.

---

[7] ***See also***, 42 Pa.C.S. § 6503(b) ("Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.").

[8] ***See also Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Despite Suber's protestations to the contrary, we conclude that his claim, that the sentencing order lacked statutory authorization, challenges the legality of his sentence. ***See Commonwealth v. Watson***, 945 A.2d 174, 178-179 (Pa. Super. 2008) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction."); ***see also Commonwealth v. Berry***, 877 A.2d 479, 483 (Pa. Super. 2005) (same). The PCRA specifically includes challenges to an illegal sentence within its expressed scope. ***See*** 42 Pa.C.S. § 9542. Further, one of the issues a petitioner may plead and prove to be eligible for PCRA relief is legality of sentence. ***See*** 42 Pa.C.S. § 9543(a)(2)(vii) ("The imposition of a sentence greater than the lawful maximum.").

In ***Commonwealth v. Jackson***, 30 A.3d 516 (Pa. Super. 2011), a panel of this Court addressed an argument similar to that raised by Suber. In ***Jackson***, the petitioner filed a motion to correct illegal sentence, which the PCRA court treated as a PCRA petition. The petitioner "argued that the 1988 sentence imposed for violation of his 1982 probation was illegal because the probation 'did not specify . . . the authority that shall conduct the supervision,' in contravention of 42 Pa.C.S.A. § 9754(a)." ***Id.*** at 518. In affirming the PCRA court's order, a panel of this Court opined:

> [The petitioner]'s "motion to correct illegal sentence" is a petition for relief under the PCRA. [The petitioner] has petitioned the PCRA court, nearly 20 years after his 1988 judgment of sentence became final, to reconsider the order because of alleged illegalities. "We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final

will be treated as a PCRA petition." ***Commonwealth v. Johnson***, 2002 PA Super 238, 803 A.2d 1291, 1293 (Pa. Super. 2002). That [the petitioner] has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. ***See Commonwealth v. Guthrie***, 2000 PA Super 77, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).

We base this conclusion on the plain language of the PCRA, which states that "[the PCRA] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; ***see Commonwealth v. Hockenberry***, 455 Pa. Super. 626, 689 A.2d 283, 288 (Pa. Super. 1997) (legality of sentence is cognizable issue under PCRA). Further, the Act provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . ." 42 Pa.C.S.A. § 9542; ***see Commonwealth v. Ahlborn***, 548 Pa. 544, 699 A.2d 718, 721 (Pa. 1997) (petition filed under the PCRA cannot be treated as a request for relief under the common law); ***Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638, 640-41 (Pa. 1998) (statutory remedy not available where claim is cognizable under PCRA).

***Jackson***, 30 A.3d at 521. Based on ***Jackson***, we agree with the PCRA court's determination that Suber's petition must be construed as a PCRA petition. Accordingly, the petition is subject to the PCRA's time for filing provisions.

The PCRA mandates that any petition for relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless a petitioner pleads and proves that one of the time for filing exceptions applies. 42 Pa.C.S. § 9545(b)(1). As noted above, Suber's judgment of sentence became final on January 22, 2007, and, therefore, he had until January 22, 2008, to file a timely PCRA petition.

Accordingly, the current petition filed on December 16, 2013, is manifestly untimely.

A petitioner can avoid the time-bar, however, if he pleads and proves that one of the three enumerated time-for-filing exceptions apply.[9] Here, Suber has failed to either plead or prove the applicability of any of the timing exceptions.[10] As such, his PCRA petition was untimely filed, and we have no jurisdiction to hear his claims. *See Commonwealth. v. Hall*, 771 A.2d 1232, 1234 (Pa. Super. 2001) ("Pennsylvania courts lack jurisdiction to entertain untimely PCRA petitions.").

Accordingly, because we conclude that the court did not err (1) in determining that Suber's petition for writ of *habeas corpus ad subjiciendum* was actually a request for PCRA relief, and (2) in finding that the petition was untimely filed, we affirm the order of the PCRA court.

Order affirmed.

---

[9] *See* 42 Pa.C.S. § 9545(b)(1)(i)–(iii).

[10] Nor do we find any of the exceptions applicable here. Suber's failure to raise this claim previously was not due to governmental interference, the claim is not based upon facts previously unknown to him, and the claim is not based on a newly recognized constitutional right. *See id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/16/2014</u>